

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2007

# Goode v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1374

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Goode v. Nash" (2007). *2007 Decisions.* Paper 712.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/712

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-292                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1374
_____

RONALD GOODE,

Appellant

v.

JOHN NASH, Warden
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-CV-01781)
District Judge:  Honorable Christopher C. Conner
_____

Submitted For Possible Dismissal
Under 28 U.S.C. § 1915(e)(2)(B)
June 28, 2007

Before:  BARRY, AMBRO and FISHER, Circuit Judges.

(Filed:  July 20, 2007)
_____

OPINION
_____

PER CURIAM

    Ronald Goode appeals from an order of the United States District Court for the

Middle District of Pennsylvania, granting defendant John Nash's motion for summary

judgment and entering judgment against Goode and in favor of Nash in Goode's civil

rights case. Because we conclude that this appeal lacks arguable merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

Goode, an inmate at the Federal Correctional Institution at Schuykill, filed a complaint in the District Court alleging that his constitutional rights were violated due to his exposure to second-hand smoke at the prison. Defendant Nash filed a motion for summary judgment arguing that he was entitled to qualified immunity and that Goode's complaint failed to state a claim upon which relief could be granted. The Magistrate Judge assigned to the case recommended that the motion be granted, but the District Court declined to adopt the recommendation, noting that the record showed that Goode had a history of infirmary visits for breathing and sinus problems that potentially could have been caused by second-hand smoke, and that Goode had complained to Nash about his exposure. The Court noted that "several of these elements are supported only by minimal evidence, and sometimes by only the allegations of Goode's brief in opposition and those affidavits submitted into evidence," but the Court determined that Goode was entitled to develop his allegations through limited discovery. District Court order entered 9/26/05, doc. #27.

The Magistrate Judge thereafter granted the parties 90 days following the filing of an answer to complete discovery and file dispositive motions. Nash filed an answer on February 2, 2006, and on May 17, 2006, filed a motion for summary judgment, followed by a supporting brief and statement of facts on June 1, 2006. Goode filed a brief in opposition, an "appendix attachment," and various other filings in response, but did not

2

submit any further support for his allegations. Aside from personal allegations, the only evidence Goode submitted was the following: (1) two inmate affidavits indicating that Goode's possession and purchases of tobacco were on their behalf and not for Goode's personal use; (2) a case summary of <u>Atkinson v. Taylor</u>, 316 F.3d 257 (3d Cir. 2003)[1]; and (3) an excerpt from an appendix in the FCI-Schuykill handbook setting forth certain prisoner rights and responsibilities.[2]

As the Magistrate Judge noted, we have recently emphasized that although the party opposing summary judgment is entitled to "the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact," and "cannot rest solely on assertions made in the pleadings, legal memoranda or oral argument." <u>Berckeley Inv. Group, Ltd. V. Colkitt</u>, 455 F.3d 195, 201 (3d Cir. 2006) (internal citations omitted). We agree with the District Court that Goode did not meet his burden of pointing to some evidence in the record that creates a genuine issue of material fact regarding his allegations that defendant violated his Eighth Amendment rights by

---

[1] In <u>Atkinson</u>, we held that prison officials were not entitled to qualified immunity from an inmate's claim that they violated his Eighth Amendment rights by exposing him to second-hand tobacco smoke.

[2] Goode argued in his opposition to the second motion for summary judgment that he was "NEVER ADVISED as to any [discovery] date deadline of May 3, 2006." We agree with the Magistrate Judge that Goode had ample notification that the discovery period had commenced and that it would be necessary for him to engage in some discovery in order to substantiate his claims.

exposing him to second-hand smoke.

For the foregoing reasons, the appeal will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).